LAURENCE M. BERMAN (State Bar No. 093515)
*lmberman@mwe.com*
ELLIE HOURIZADEH (State Bar No. 204627)
*ehourizadeh@mwe.com*
JEFFREY N. GOLDBERG (State Bar No. 217555)
*jgoldberg@mwe.com*
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3800
Los Angeles, CA 90067-3218
Telephone:   310.277.4110
Facsimile:   310.277.4730

Attorneys for Defendant and Counterclaimant
**MANLEY TOYS, LTD.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHAM-O, INC., a Delaware corporation,<br><br>                     Plaintiff,<br><br>          v.<br><br>MANLEY TOYS, LTD., a Hong Kong corporation, et al.,<br><br>                     Defendant. | CASE NO.  CV08-01281 RSWL (CWx)<br><br>**DEFENDANT MANLEY TOYS, LTD.'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**<br><br><br>**JURY TRIAL DEMANDED** |
| MANLEY TOYS, LTD., a Hong Kong corporation, et al.,<br><br>                     Counterclaimant,<br><br>          v.<br><br>WHAM-O, INC., a Delaware corporation,<br><br>                     Counterdefendant. | |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Defendant Manley Toys, Ltd. ("Manley") answers the Second Amended Complaint
2  ("Complaint") brought by Wham-O, Inc. ("Wham-O") as follows:

3                            **ANSWER TO INTRODUCTION**

4    1.    Answering paragraph 1 and the preceding paragraph of the Complaint,
5  Manley admits that Wham-O has purported to assert claims against Manley, Aquawood
6  LLC, A.W. Computer Holdings, LLC, Izzy Holdings, LLC, Brian Dubinsky, Samson
7  Chan, Lisa Liu, Wal-Mart Stores, Inc., Target Corporation, Toys "R" US, Inc., and Kmart
8  Corporation.  Manley admits that the Wham-O received a jury verdict in the District Court
9  for the Central District of California.  Except as specifically admitted herein, Manley
10 denies each and every allegations contained in paragraph 1 and the preceding paragraph of
11 the Complaint.

12   2.    Answering paragraph 2 of the Complaint, Manley denies each and every
13 allegation contained in paragraph 2 of the Complaint.

14   3.    Answering paragraph 3 of the Complaint, Manley denies each and every
15 allegation contained in paragraph 3 of the Complaint.

16   4.    Answering paragraph 4 of the Complaint, Manley denies each and every
17 allegation contained in paragraph 4 of the Complaint.

18   5.    Answering paragraph 5 of the Complaint, Manley admits that Wham-O
19 purports to set forth a claim under the Lanham Act and seeks to enjoin Manley from
20 activity that Wham-O purports falls within the scope of the verdict received before the
21 Central District of California.  Except as specifically admitted herein, Manley denies each
22 and every allegations set forth in paragraph 5 of the Complaint.

23   6.    Answering paragraph 6 of the Complaint, Manley admits that Wham-O sent
24 cease and desist letters to Wal-Mart, Toys "R" Us, Target, and Kmart.  Manley lacks
25 information and knowledge concerning what was agreed to or done by Wal-Mart, Toys
26 "R" Us, Target and Kmart but Manley admits that each of these co-defendants was
27 threatened by Wham-O and took actions in response to those threats.  Except as
28 specifically admitted herein, Manley lacks sufficient knowledge or information to form a

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S
COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1    belief as to the truth of the remaining allegations and, on that basis, Manley denies each

2    and every remaining allegation contained in paragraph 6 of the Complaint.

3        7.    Answering paragraph 7 of the Complaint, Manley admits that the Complaint

4    includes a creditor's suit against Wal-Mart, Target, Toys "R" US, and Kmart.  Except as

5    specifically admitted herein, Manley denies each and every allegations set forth in

6    paragraph 7 of the Complaint.

7                        **ANSWER TO THE PARTIES**

8        8.    Answering paragraph 8 and the preceding heading of the Complaint,

9    Manley lacks sufficient knowledge or information to form a belief as to the truth of the

10   allegations and, on that basis, Manley denies each and every allegation contained in

11   paragraph 8 of the Complaint.

12       9.    Answering paragraph 9 of the Complaint, Manley admits that it is a

13   company organized and existing under the laws of Hong Kong with a registered office at

14   818 Cheung Sha Wan Road.  Manley admits that it conducts business in the United States

15   of America.  Except as specifically admitted herein, Manley denies each and every

16   allegations set forth in paragraph 9 of the Complaint.

17       10.   Answering paragraph of the Complaint, Manley admit the allegations

18   contained in paragraph 10 of the Complaint.

19       11.   Answering paragraph 11 of the Complaint, Manley lacks sufficient

20   knowledge or information to form a belief as to the truth of the allegations and, on that

21   basis, Manley denies each and every allegation contained in paragraph 11 of the

22   Complaint.

23       12.   Answering paragraph 12 of the Complaint, Manley lacks sufficient

24   knowledge or information to form a belief as to the truth of the allegations and, on that

25   basis, Manley denies each and every allegation contained in paragraph 12 of the

26   Complaint.

27       13.   Answering paragraph 13 of the Complaint, Manley admits that Brian

28   Dubinsky is a California resident who conducts business in the Central District of

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

California at the Barry Avenue address.  Except as specifically stated herein, Manley

lacks sufficient knowledge or information to form a belief as to the truth of the allegations

and, on that basis, Manley denies each and every allegation contained in paragraph 13 of

the Complaint.

14.     Answering paragraph 14 of the Complaint, Manley admits that Samson

Chan is a resident of Hong Kong.   Manley admits that some of Chan's business cards list

the office at 2228 Barry Avenue, Los Angeles.  Except as specifically admitted herein,

Manley denies each and every allegations contained in paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, Manley admits that Lisa Liu is a

resident of Hong Kong.  Manley admits that Liu is an officer of Manley.  Manley admits

that in the recent past, Liu has owned 50% or more of SLB which was located at the Barry

Avenue address.  Manley admits that Liu sent royalty statements into this district.  Except

as specifically admitted herein, Manley denies each and every allegation contained in

paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Manley believes that the

allegations in paragraph 16 are correct.  Except as specifically stated, Manley lacks

sufficient knowledge or information to form a belief as to the truth of the allegations and,

on that basis, Manley denies each and every allegation contained in paragraph 16 of the

Complaint.

17.     Answering paragraph 17 of the Complaint, Manley believes that the

allegations in paragraph 17 are correct.  Except as specifically stated, Manley lacks

sufficient knowledge or information to form a belief as to the truth of the allegations and,

on that basis, Manley denies each and every allegation contained in paragraph 17 of the

Complaint.

18.     Answering paragraph 18 of the Complaint, Manley believes that the

allegations in paragraph 18 are correct.  Except as specifically stated, Manley lacks

sufficient knowledge or information to form a belief as to the truth of the allegations and,

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1   on that basis, Manley denies each and every allegation contained in paragraph 18 of the

2   Complaint.

3          19.     Answering paragraph 19 of the Complaint, Manley believes that the

4   allegations in paragraph 19 are correct.  Except as specifically stated, Manley lacks

5   sufficient knowledge or information to form a belief as to the truth of the allegations and,

6   on that basis, Manley denies each and every allegation contained in paragraph 19 of the

7   Complaint.

8          20.     Answering paragraph 20 and the preceding heading of the Complaint,

9   Manley admits that Wham-O purports to assert claims for trademark infringement, false

10  advertising, trademark dilution, unfair competition, contributory and vicarious trademark

11  infringement and contributory and vicarious trademark dilution.  Manley specifically

12  denies any wrongdoing.  Except as specifically admitted herein, Manley denies each and

13  every allegation set forth in paragraph 20 and the preceding heading of the Complaint.

14                  **ANSWER TO JURISDICTION AND VENUE**

15         21.     Answering paragraph 21 and the preceding heading of the Complaint,

16  Manley admits the contentions set forth in this paragraph.

17         22.     Answering paragraph 22 of the Complaint, Manley admits that the Court has

18  personal jurisdiction over Manley.  Except as specifically admitted herein, Manley lacks

19  sufficient knowledge or information to form a belief as to the truth of the allegations and,

20  on that basis, Manley denies each and every allegation contained in paragraph 22 of the

21  Complaint.

22                  **ANSWER TO BACKGROUND FACTS**

23         23.     Answering paragraph 23 and the preceding headings of the Complaint,

24  Manley lacks sufficient knowledge or information to form a belief as to the truth of the

25  allegations and, on that basis, Manley denies each and every allegation contained in

26  paragraph 23 and the preceding headings of the Complaint.

27         24.     Answering paragraph 24 of the Complaint, Manley lacks sufficient

28  knowledge or information to form a belief as to the truth of the allegations and, on that

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1    basis, Manley denies each and every allegation contained in paragraph 24 of the

2    Complaint.

3        25.    Answering paragraph 25 of the Complaint, Manley lacks sufficient

4    knowledge or information to form a belief as to the truth of the allegations and, on that

5    basis, Manley denies each and every allegation contained in paragraph 25 of the

6    Complaint.

7        26.    Answering paragraph 26 of the Complaint, Manley lacks sufficient

8    knowledge or information to form a belief as to the truth of the allegations and, on that

9    basis, Manley denies each and every allegation contained in paragraph 26 of the

10    Complaint.

11        27.    Answering paragraph 27 of the Complaint, Manley lacks sufficient

12    knowledge or information to form a belief as to the truth of the allegations and, on that

13    basis, Manley denies each and every allegation contained in paragraph 27 of the

14    Complaint.

15        28.    Answering paragraph 28 and the preceding heading of the Complaint,

16    Manley lacks sufficient knowledge or information to form a belief as to the truth of the

17    allegations and, on that basis, Manley denies each and every allegation contained in

18    paragraph 28 and the preceding heading of the Complaint.

19        29.    Answering paragraph 29 of the Complaint, Manley lacks sufficient

20    knowledge or information to form a belief as to the truth of the allegations and, on that

21    basis, Manley denies each and every allegation contained in paragraph 29 of the

22    Complaint.

23        30.    Answering paragraph 30 of the Complaint, Manley admits that a Court order

24    was entered in favor of Wham-O by the District Court in the Central District of California.

25    Manley admits that the order speaks for itself.  Except as specifically admitted herein,

26    Manley lacks sufficient knowledge or information to form a belief as to the truth of the

27    allegations and, on that basis, Manley denies each and every allegation contained in

28    paragraph 30 of the Complaint.

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

31.    Answering paragraph 31 and the preceding of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 31 and the preceding heading of the Complaint.

32.    Answering paragraph 32 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 32 of the Complaint.

33.    Answering paragraph 33 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 33 of the Complaint.

34.    Answering paragraph 34 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 34 of the Complaint.

35.    Answering paragraph 35 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 35 of the Complaint.

36.    Answering paragraph 36 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Answering paragraph 37 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Answering paragraph 38 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Answering paragraph 39 of the Complaint, Manley admits that in the past, Manley has utilized toy designs suggested by SLB.  Except as specifically admitted herein, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Answering paragraph 40 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Answering paragraph 41 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Answering paragraph 42 of the Complaint, Manley denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Answering paragraph 43 of the Complaint, Manley denies that the purpose of its company was to trade on any third parties' goodwill.  Manley lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, Manley denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Answering paragraph 44 of the Complaint, Manley admits that Liu and Samson Chan serve as officers of Manley.   Manley further admits that Alan Chan and Samson Chan are related.  Manley admits that at times, the Manley offices in Hong Kong have displayed the Toyquest logo.  Except as specifically admitted herein, Manley lacks

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 44 of the Complaint.

45.    Answering paragraph 45 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Answering paragraph 46 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Answering paragraph 47 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Answering paragraph 48 of the Complaint, Manley denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Answering paragraph 49 of the Complaint, Manley denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Answering paragraph 50 of the Complaint, Manley lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Manley denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Answering paragraph 51 and the preceding heading of the Complaint, Manley admits that during the course of its relationship with Wal-Mart, Target, Toys "R" US, or Kmart, these entities may have held an account payable balance due to Manley. Except as specifically admitted herein, Manley lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, Manley

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

1  denies each and every remaining allegation contained in paragraph 51 and the preceding
2  heading of the Complaint.

3      52.    Answering paragraph 52 of the Complaint, Manley admits that Wal-Mart,
4  Target, Toys "R" US, and Kmart purchase inventory from Manley.  Except as specifically
5  admitted herein, Manley denies each and every allegations contained in paragraph 52 of
6  the Complaint.

7      53.    Answering paragraph 53 of the Complaint, Manley denies each and every
8  allegation contained in paragraph 53 of the Complaint.

9      54.    Answering paragraph 54 of the Complaint, Manley denies each and every
10 allegation contained in paragraph 54 of the Complaint.

11     55.    Answering paragraph 55 and the preceding heading of the Complaint,
12 Manley denies each and every allegation contained in paragraph 55 and the preceding
13 heading of the Complaint.

14     56.    Answering paragraph 56 of the Complaint, Manley denies each and every
15 allegation contained in paragraph 56 of the Complaint.

16     57.    Answering paragraph 57 of the Complaint, Manley denies each and every
17 allegation contained in paragraph 57 of the Complaint.

18     58.    Answering paragraph 58 of the Complaint, Manley denies each and every
19 allegation contained in paragraph 58 of the Complaint.

20     59.    Answering paragraph 59 of the Complaint, Manley denies each and every
21 allegation contained in paragraph 569 of the Complaint.

22 **ANSWER TO FIRST CLAIM FOR RELIEF**

23     60.    Answering paragraph 60 and the preceding heading of the Complaint,
24 Manley denies each and every allegation contained in the preceding heading of the
25 Complaint.   Manley hereby incorporates its responses to paragraphs 1 through 59 as if
26 fully set forth herein.

27     61.    Answering paragraph 61 of the Complaint, Manley denies each and every
28 allegation contained in paragraph 61 of the Complaint.

MCDERMOTT WILL & EMERY LLP · ATTORNEYS AT LAW · LOS ANGELES

62.     Answering paragraph 62 of the Complaint, Manley denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Answering paragraph 63 of the Complaint, Manley denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Answering paragraph 64 of the Complaint, Manley denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Answering paragraph 65 of the Complaint, Manley denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Answering paragraph 66 of the Complaint, Manley denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Answering paragraph 67 of the Complaint, Manley denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Answering paragraph 68 of the Complaint, Manley denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Answering paragraph 69 of the Complaint, Manley denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Answering paragraph 70 of the Complaint, Manley denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Answering paragraph 71 of the Complaint, Manley denies each and every allegation contained in paragraph 71 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

72.     Answering paragraph 72 and the preceding headings of the Complaint, Manley denies each and every allegation contained in the preceding heading of the Complaint. Manley hereby incorporates its responses to paragraphs 1 through 71 as if fully set forth herein.

73.     Answering paragraph 73 of the Complaint, Manley denies each and every allegation contained in paragraph 73 of the Complaint.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1    74.    Answering paragraph 74 of the Complaint, Manley denies each and every

2    allegation contained in paragraph 74 of the Complaint.

3    75.    Answering paragraph 75 of the Complaint, Manley denies each and every

4    allegation contained in paragraph 75 of the Complaint.

5    76.    Answering paragraph 76 of the Complaint, Manley denies each and every

6    allegation contained in paragraph 76 of the Complaint.

7    77.    Answering paragraph 77 of the Complaint, Manley denies each and every

8    allegation contained in paragraph 77 of the Complaint.

9    78.    Answering paragraph 78 of the Complaint, Manley denies each and every

10   allegation contained in paragraph 78 of the Complaint.

11   79.    Answering paragraph 79 of the Complaint, Manley denies each and every

12   allegation contained in paragraph 79 of the Complaint.

13   80.    Answering paragraph 80 of the Complaint, Manley denies each and every

14   allegation contained in paragraph 80 of the Complaint.

15   81.    Answering paragraph 81 of the Complaint, Manley denies each and every

16   allegation contained in paragraph 81 of the Complaint.

17                        **ANSWER TO THIRD CLAIM FOR RELIEF**

18   82.    Answering paragraph 82 and the preceding heading of the Complaint,

19   Manley denies each and every allegation contained in the preceding heading of the

20   Complaint. Manley hereby incorporates its responses to paragraphs 1 through 81 as if

21   fully set forth herein.

22   83.    Answering paragraph 83 of the Complaint, Manley denies each and every

23   allegation contained in paragraph 83 of the Complaint.

24   84.    Answering paragraph 84 of the Complaint, Manley denies each and every

25   allegation contained in paragraph 84 of the Complaint.

26   85.    Answering paragraph 85 of the Complaint, Manley denies each and every

27   allegation contained in paragraph 85 of the Complaint.

28

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1   86.   Answering paragraph 86 of the Complaint, Manley denies each and every

2   allegation contained in paragraph 86 of the Complaint.

3   87.   Answering paragraph 87 of the Complaint, Manley denies each and every

4   allegation contained in paragraph 87 of the Complaint.

5   88.   Answering paragraph 88 of the Complaint, Manley denies each and every

6   allegation contained in paragraph 88 of the Complaint.

7   89.   Answering paragraph 89 of the Complaint, Manley denies each and every

8   allegation contained in paragraph 89 of the Complaint.

9   90.   Answering paragraph 90 of the Complaint, Manley denies each and every

10  allegation contained in paragraph 90 of the Complaint.

11  **ANSWER TO FOURTH CLAIM FOR RELIEF**

12  91.   Answering paragraph 91 and the preceding heading of the Complaint,

13  Manley denies each and every allegation contained in the preceding heading of the

14  Complaint. Manley hereby incorporates its responses to paragraphs 1 through 90 as if

15  fully set forth herein.

16  92.   Answering paragraph 92 of the Complaint, Manley denies each and every

17  allegation contained in paragraph 92 of the Complaint.

18  93.   Answering paragraph 93 of the Complaint, Manley denies each and every

19  allegation contained in paragraph 93 of the Complaint.

20  94.   Answering paragraph 94 of the Complaint, Manley denies each and every

21  allegation contained in paragraph 94 of the Complaint.

22  95.   Answering paragraph 95 of the Complaint, Manley denies each and every

23  allegation contained in paragraph 95 of the Complaint.

24  96.   Answering paragraph 96 of the Complaint, Manley denies each and every

25  allegation contained in paragraph 96 of the Complaint.

26  97.   Answering paragraph 97 of the Complaint, Manley denies each and every

27  allegation contained in paragraph 97 of the Complaint.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

98.     Answering paragraph 98 of the Complaint, Manley denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Answering paragraph 99 of the Complaint, Manley denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Answering paragraph 100 of the Complaint, Manley denies each and every allegation contained in paragraph 100 of the Complaint.

## ANSWER TO FIFTH CLAIM FOR RELIEF

101.    Answering paragraph 101 of the Complaint, Manley denies each and every allegation contained in the preceding heading of the Complaint. Manley hereby incorporates its responses to paragraphs 1 through 100 as if fully set forth herein.

102.    Answering paragraph 102 of the Complaint, Manley denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Answering paragraph 103 of the Complaint, Manley denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Answering paragraph 104 of the Complaint, Manley denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Answering paragraph 105 of the Complaint, Manley denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Answering paragraph 106 of the Complaint, Manley denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Answering paragraph 107 of the Complaint, Manley denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Answering paragraph 108 of the Complaint, Manley denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Answering paragraph 109 of the Complaint, Manley denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Answering paragraph 110 of the Complaint, Manley denies each and every allegation contained in paragraph 110 of the Complaint.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

111.    Answering paragraph 111 of the Complaint, Manley denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Answering paragraph 112 of the Complaint, Manley denies each and every allegation contained in paragraph 112 of the Complaint.

**ANSWER TO SIXTH CLAIM FOR RELIEF**

113.    Answering paragraph 113 of the Complaint, Manley denies each and every allegation contained in the preceding heading of the Complaint. Manley hereby incorporates its responses to paragraphs 1 through 113 as if fully set forth herein.

114.    Answering paragraph 114 of the Complaint, Manley denies each and every allegation contained in paragraph 114 of the Complaint.

115.    Answering paragraph 115 of the Complaint, Manley denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Answering paragraph 116 of the Complaint, Manley denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Answering paragraph 117 of the Complaint, Manley denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Answering paragraph 118 of the Complaint, Manley denies each and every allegation contained in paragraph 118 of the Complaint.

119.    Answering paragraph 119 of the Complaint, Manley denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Answering paragraph 120 of the Complaint, Manley denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Answering paragraph 121 of the Complaint, Manley denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Answering paragraph 122 of the Complaint, Manley denies each and every allegation contained in paragraph 122 of the Complaint.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1    123.    Answering paragraph 123 of the Complaint, Manley denies each and every

2    allegation contained in the preceding heading of the Complaint. Manley hereby

3    incorporates its responses to paragraphs 1 through 122 as if fully set forth herein.

4    124.    Answering paragraph 124 of the Complaint, Manley admits the allegations

5    set forth in this paragraph.

6    125.    Answering paragraph 125 of the Complaint, Manley admits the allegations

7    set forth in this paragraph.

8    126.    Answering paragraph 126 of the Complaint, Manley admits that Wham-O's

9    judgment in Case No. CV06-1382 has not been satisfied.  Except as specifically admitted

10   herein, Manley lacks sufficient knowledge or information to form a belief as to the truth

11   of the allegations and, on that basis, Manley denies each and every allegation contained in

12   paragraph 126 of the Complaint.

13   127.    Answering paragraph 127 of the Complaint, Manley denies each and every

14   allegation contained in paragraph 127 of the Complaint.

15   128.    Answering paragraph 128 of the Complaint, Manley denies each and every

16   allegation contained in paragraph 128 of the Complaint.

17   129.    Answering paragraph 129 of the Complaint, Manley denies each and every

18   allegation contained in paragraph 129 of the Complaint.

19   130.    Answering paragraph 130 of the Complaint, Manley denies each and every

20   allegation contained in paragraph 130 of the Complaint.

21   131.    Answering paragraph 131 of the Complaint, Manley admits that it had a

22   business relationship with SLB.  Except as specifically admitted herein, Manley denies

23   each and every allegation contained in paragraph 131 of the Complaint.

24   132.    Answering paragraph 132 of the Complaint, Manley denies each and every

25   allegation contained in paragraph 132 of the Complaint.

26   133.    Answering paragraph 133 of the Complaint, Manley denies each and every

27   allegation contained in paragraph 133 of the Complaint.

28   ## ANSWER TO EIGHTH CLAIM FOR RELIEF

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

134.   Answering paragraph 134 of the Complaint, Manley denies each and every allegation contained in the preceding heading of the Complaint. Manley hereby incorporates its responses to paragraphs 1 through 133 as if fully set forth herein.

135.   Answering paragraph 135 of the Complaint, Manley denies each and every allegation contained in paragraph 135 of the Complaint.

136.   Answering paragraph 136 of the Complaint, Manley denies each and every allegation contained in paragraph 136 of the Complaint.

137.   Answering paragraph 137 of the Complaint, Manley denies each and every allegation contained in paragraph 137 of the Complaint.

138.   Answering paragraph 138 of the Complaint, Manley denies each and every allegation contained in paragraph 138 of the Complaint.

139.   Answering paragraph 139 of the Complaint, Manley denies each and every allegation contained in paragraph 139 of the Complaint.

140.   Answering paragraph 140 of the Complaint, Manley denies each and every allegation contained in paragraph 140 of the Complaint.

141.   Manley denies all remaining allegations and demands for relief as stated in the Complaint.

AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Claim For Relief)**

1.   Manley alleges that the Complaint fails to state facts sufficient to constitute any claim for relief against Manley.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

2.   Manley alleges that by virtue of Wham-O's conduct, the Complaint and each purported claim for relief alleged therein are barred by the doctrine of unclean hands.

- 16 -

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

McDermott  Will & Emery  LLP
Attorneys  At Law
Los Angeles

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3.      Manley alleges that Wham-O has failed to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Manley alleges that Wham-O has waived any claims against Manley arising out of the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Manley alleges that Wham-O is estopped from asserting any claims against Manley arising out of the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.      Manley alleges that the Complaint, and each purported claim for relief alleged therein, are barred by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      Manley alleges that the Complaint, and each purported claim for relief alleged therein, are barred by the doctrine of laches.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

8.     Manley alleges that it acted in good faith with respect to the matters asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Privilege)**

9.     Manley alleges that the acts alleged in the Complaint are privileged.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

10.     Manley alleges that the Court lacks personal jurisdiction over Manley. No we are agreeing to this  by appearance, but we should assert that the court lacks subject matter jurisdiction over the companies.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Likelihood of Confusion)**

11.     Manley alleges that there is no likelihood of confusion on the part of consumers arising out of the conduct alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

12.     Manley alleges that, to the extent it used any of Wham-O's trademarks or other intellectual property, such use was and is a fair use and, therefore, not actionable.

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

13.     Manley alleges that, to the extent it used any of Wham-O's trademarks or other intellectual property, Wham-O acquiesced in such use.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

14.     Manley alleges that any use of Wham-O's purported trademark (which use is expressly denied) occurred with innocent intent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Functional)

15.     Manley alleges that Wham-O's purported trademark is functional and therefore not protectable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ornamental)

16.     Manley alleges that Wham-O's purported trademark is ornamental and therefore not protectable as a trademark.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

17.     Manley alleges that the Complaint, and each purported claim for relief alleged therein, are barred by the doctrine of res judicata.

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

WHEREFORE, Defendant Manley respectfully requests that the Court dismiss Wham-O's Complaint with prejudice as to Defendant Manley, dismissing each and every count and claim and request for relief asserted against Defendant Manley and awarding Defendant Manley its costs and attorneys' fees.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

For its counterclaim in this action, Defendant and Counterclaimant Manley Toys, Ltd. ("Manley") alleges as follows:

## I.

## INTRODUCTION

1. This action arises from the actions of Plaintiff and Counter Defendant Wham-O, Inc. ("Wham-O") following entry of judgment and a permanent injunction in the litigation entitled *SLB Toys USA, Inc. v. Wham-O, Inc., et al.*, Central District Case No. CV 06-1382 RSWL (CWx) (the "SLB Litigation").

2. Manley has sold the products at issue for many years. Upon information and believe, Wham-O was aware of the Manley products in connection with Wham-O's ongoing trademark policing efforts. Prior to the obtaining the Injunction, however, Wham-O never sought to enforce its purported trademark against Manley.

3. Upon information and belief, Wham-O did not attempt to assert its trademark prior to obtaining the Injunction because Wham-O recognized that its trademark rights did not extend to the Manley products.

4. Upon issuance of the Injunction, Wham-O has utilized the Injunction as a means to expand its trademark rights. Upon information and belief, after receiving this Injunction, Wham-o set about to eliminate from the marketplace all products bearing the color yellow on waterslides, regardless of the fact that Wham-O's trademark is not so broad,  regardless of the fact that the products did not originated with SLB and regardless of whether the products are plainly labeled with its true source or whether sales of such

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

1  products engender any likelihood of confusion, the cornerstone of trademark infringement

2  law.  Manley is not the only manufacturer threatened by Whamo after the Injunction.

3       5.     Wham-O's actions have caused the nation's largest retailers -- including

4  Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Target Corp. ("Target"), Toys 'R' Us,

5  Inc. ("Toys 'R' US") and Kmart Corporation ("K-Mart")[1] -- to return to Manley several

6  million dollars of legal merchandise that competes with Wham-O's products. Wham-O's

7  actions are objectively unreasonable and are in bad faith.

8       6.     This Counterclaim seeks declaratory relief as to three separate products:  (1)

9  the Wild Waves Water Park (the "Water Park"); (2) the Cannonball Splash Water Slide

10  (the "Cannonball Splash"); and (3) Double Cannonball Blast Water Slide (the

11  "Cannonball Blast").  The Water Park, the Cannonball Splash and the Cannonball Blast

12  are sometimes collectively referred to herein as the "Accused Products."  Although one of

13  the Accused Products has been sold for five years and another Accused Product has been

14  sold for three years,  Manley is unaware of a single instance of actual confusion. The

15  Accused Products are dissimilar from Wham-O's alleged trademark in shape, form and

16  substance.  Their packaging is completely different from Wham-O's and is plainly

17  labeled.  No reasonable possibility exists that the products could be confused for Wham-

18  O's simply because they contain a yellow sliding surface in some form or another.

19       7.     Manley seeks declaratory relief with respect to Accused Products at issue.

20  In particular, Manley seeks a declaration to the effect that the Accused Products do not

21  infringe Wham-O's purported trademark rights in the color yellow, or the Injunction.

**II.**

**JURISDICTION AND VENUE**

24       8.     This Court has jurisdiction of this compulsory counterclaim under 28 U.S.C.

25  § 1367(a).  Jurisdiction also exists under 28 U.S.C. §§ 2201 and 2202 (claims for

26  declaratory relief) as well as 28 U.S.C. § 1331 (federal question) and § 1338(a) (as a civil

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] Wal-Mart, Target, Toys 'R' Us and K-Mart are referred to herein collectively as the "Retail Defendants."

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1  action arising under any act of Congress relating to trademarks) as well as under the

2  Lanham Act, 15 U.S.C. § 1121(a). Venue is proper within this district under 28 U.S.C. §

3  1391.

4  ### III.

5  ### THE PARTIES

6      9.    Defendant/Counterclaimant Manley Toys, Ltd. is an entity organized and

7  existing under the laws of Hong Kong, with its principal place of business in Hong Kong.

8      10.    Upon information and belief, Plaintiff/Counterdefendant Wham-O, Inc. is

9  corporation organized and existing under the laws of the State of Delaware and has its

10  principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

11  ### IV.

12  ### BACKGROUND FACTS

13  **A.**    **The SLB Litigation**

14      11.    On October 11, 2007, the jury in the SLB Litigation found in favor of

15  Wham-O on Wham-O's claim against SLB for infringement of the trademark, registered

16  as U.S. Trademark Registration No. 1,432,069, for the color yellow on the sliding surfaces

17  of water slide toys (the "Yellow Mark"). Manley was not joined as a party to the SLB

18  Litigation.

19      12.    The application for a federal trademark registration for the Yellow Mark

20  was originally filed by Wham-O's predecessor in interest in 1985, and the registration was

21  approved in 1987. As registered with the United States Patent and Trademark Office, the

22  mark is depicted as the single color yellow applied to a rectangular surface, it is claimed

23  for "water slide toys" and described as "**the *single* color yellow** applied to **the *entire***

24  **surface of the goods**." Exhibit 2 to Wham-O's Second Amended and Supplemental

25  Complaint (emphasis added).

26      13.    In connection with the judgment entered in the SLB Litigation, the Court

27  also entered a Permanent Injunction directed against SLB (the "Injunction"). The

28  Injunction, entered by the Court on December 5, provides as follows:

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

IT IS ORDERED THAT SLB and each of its officers, agents, servants and employees, and all those persons in active concert or participation with them are hereby forever enjoined from using the color yellow on the sliding surface of water slide toys, or packaging or advertising depicting the same, or any mark similar thereto or likely to cause confusion therewith, in the sale, offering for sale, distribution or advertising of water slide toys at any locality in the United States.

**B.    The Accused Products**

14.    The Accused Products are designed and manufactured by Manley, and are sold through various retailers including the Retail Defendants.

15.    The Water Park is a three dimensional, inflatable backyard pool and water activity center, including a spraying splash slide, inflatable basketball hoop and ring toss. The major color of the Water Park, including the pool, which forms the largest part of the product, is blue.  A separate inflatable slide sets over one end of the pool such that users climb up small steps and can then slide down into the pool.  The sides of the slide and steps are blue, but the steps themselves and the sliding surface is yellow.



16.    This Water Park was first introduced in 2003 and has been on the shelves for 5 years at various retailers, including Toys 'R' US, Kmart, Target and Wal-Mart, and has been the subject of national advertising.  Despite the widespread distribution and advertising of the Water Park, it was not put at issue by Wham-O in the SLB Litigation. In fact, Manley is informed and believes and on that basis alleges that Wham-O made no

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

1  claims that the product infringed its trademark until the issuance of the Injunction and its

2  enforcement efforts in connection therewith.

3        17.      The Cannonball Splash is a three dimensional, inflatable sliding ramp and

4  splash pool.  Like the Water Park, the largest piece of the Cannonball Splash product is a

5  blue inflatable pool.  Attached to it is a sliding ramp.  The sliding ramp is approximately

6  six feet in length.  The sides of the ramp are orange, black and white and contain yellow

7  lettering.  The sliding surface of the ramp is also yellow.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles



18.    The Cannonball Splash was introduced in the market in 2005.  Various retailers, including Target, Kmart and Toys R US, have stocked and sold the product for over 3 years.  The Cannonball Splash has also been advertised nationally, including in television commercials having run on Nickelodeon and Cartoon Network.  The Cannonball Splash was also not put at issue by Wham-O in the SLB Litigation.  Likewise, Manley is informed and believes and on that basis alleges that Wham-O never claimed that the Cannonball Splash infringed its trademark rights until after entry of judgment and issuance of the Injunction in the SLB Litigation.

19.    The Cannonball Blast is an extremely large, continuous air backyard water slide standing nearly 10 feet tall and measuring around 18 feet in length.  The Cannonball Blast was introduced in 2007 at Wal-Mart stores and a small number have also sold through Amazon.com.  The body of the Cannonball Blast is blue and red.  The product's packaging depicts a blue sliding surface; however, it is believed that an unknown number of the Cannonball Blast slides shipped with a yellow sliding surface.

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT



20.     Like the others, the Cannonball Blast was not at issue in the SLB Litigation and Manley is informed and believes and on that basis alleges that no infringement claims respecting the product were made by Wham-O until the Injunction issued.

## C.     **Wham-O's Enforcement Efforts**

21.     Since the issuance of the Injunction, notwithstanding the fact that its registered mark covers only products for which "the *single* color yellow" is applied "to the *entire* surface of the goods," Wham-O has sought to expand its reach to achieve an effective monopoly on *any* use of the color yellow on slides that are part of any water-based toys regardless of source, regardless of whether there is a likelihood of confusion, or any other issue.

22.     Manley is informed and believes and on that basis alleges that, on January 3, 2008, Wham-O undertook a mailing campaign to various toy retailers throughout the country.  In its initial correspondence, Wham-O falsely claimed that the Injunction "prohibits SLB from using the color yellow (or any confusingly similar mark) on water slide toys," when in fact the Injunction speaks only to yellow on *the sliding surface* of such toys.  Wham-O further claimed that the Injunction prohibits the use of the color yellow in "packaging or advertising depicting water slide toys, or in connection with the sale, offering for sale, distribution or advertising of water slide toys."  Wham-O further urged the retailers to "immediately remove" "any non-Wham-O water slide toy that uses

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

the color yellow on its sliding surface or depicts a yellow water slide toy in its packaging or advertising."

23.     Manley is informed and believes and on that basis alleges that Wham-O continued to press its claims with the Retail Defendants following the January 3, 2008 letter.

24.     Manley is informed and believes and on that basis alleges, that to allow the Retail Defendants to continue to sell certain Manley products, Wham-O demanded that the Retail Defendants enter into license agreements with Wham-O, and certain of the Retail Defendants have entered, or about to enter, into license agreements with Wham-O.

25.     Manley is informed and believes and on that basis alleges that, with other Manley products, Wham-O flatly refused to consent to the sale of the certain Manley product under any circumstances.  Threatened with the prospect of being brought into Court to defend against Wham-O's overbroad claims, the Retail Defendants have chosen to return to Manley $6,000,000 worth of merchandise, the sale of which unquestionably does not infringe or dilute Wham-O's alleged trademark.  Those products remain in a warehouse awaiting disposition.

26.     Given the seasonal nature of the products, unless the Court agrees to resolve the issue of whether the sales of these products violates the Injunction on an expedited basis, the opportunity to capture these sales will be lost.

27.     Wham-O's actions are causing immediate and irreparable harm that cannot be remedied by a simple monetary judgment.  Even beyond the obvious loss of hundreds of thousands of dollars in profits and the concomitant loss of business goodwill, Manley believes, and on that basis alleges, that Wham-O's actions have had and are continuing to have a deleterious effect on Manley's relationship with its most important customers such as the Retail Defendants as both Manley and its customers are forced to cope with Wham-O's unfounded claims.  In particular, faced with a cease and desist letter and the prospect of being tabbed a willful infringer, the Retail Defendants have sought indemnification from Manley.  The result is strained negotiations between a retailer asserting

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER & COUNTERCLAIM FOR DECLARATORY JUDGMENT

1  indemnification rights and a vendor believing that it should not have to bear the burden of

2  an entirely baseless allegation of infringement.

3      28.   Manley believes, and on that basis alleges, that Wham-O's actions are

4  allowing it dominate the marketplace by asserting an effective monopoly over the color

5  yellow on water based toys.  Wham-O has brandished the Injunction against the Retail

6  Defendants and others, including Amazon.com, seeking to eliminate from the marketplace

7  all water toys -- not just those as to which it has a reasonable basis to claim infringement -

8  - bearing yellow on any type of sliding surface manufactured by any person, not just SLB

9  or those acting in concert with SLB, and seeks to eliminate any toy manufacturer from

10  using yellow on any sliding portion of a water slide toy.

11      29.   Manley believes, and on that basis alleges, that the public is also harmed by

12  Wham-O's actions.  Wham-O's allegations have already caused the recall of $6,000,000

13  worth of products that Manley is aware of.  It is unknown how many more products of

14  other manufacturers have been returned as a result of Wham-O's overreaching.

15  Successful and quality products that consumers want to buy are being removed from store

16  shelves.  Left unabated, Wham-O's actions will lead to even fewer products available to

17  consumers and likely at a higher cost.

18  **D.**   **Wham-O's Actions Amount to a Misuse of Its Trademark**

19      30.   Wham-O's actions, as alleged hereinabove, are in bad faith.  Manley

20  believes, and on that basis alleges that no reasonable toy manufacturer can rationally

21  allege that the Accused Products infringe the Yellow Mark or any other trademark rights

22  held by Wham-O.  On information and belief, Wham-O communications contain a false

23  statements or statements.

24      31.   Among other things, Wham-O claims trademark rights in the color yellow

25  applied to an ordinary rectangular shaped surface.  However, the color serves functional

26  purposes when applied to waterslide toys and therefore cannot merit protection under the

27  trademark laws.

28

McDERMOTT  WILL & EMERY LLP
ATTORNEYS  AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

32.     Moreover, a competitive need exists for the color yellow on waterslide products thereby precluding the use of the color as a trademark.  A large percentage of the waterslides sold in the market, including waterslides sold by Manley, Wham-O and others, prominently feature the color yellow, including on the sliding surfaces of the slides.  Yellow is a primary color, and is often associated with sunshine, summertime and outdoor play.  It is therefore a particularly common color for backyard water toys.  The color yellow is used extensively on all outdoor toys meant to be used on grass because yellow offers the best contrast and stands out the best against a green grassy surface.  Yellow therefore serves not only to highlight the product while in use, it also serves an important safety function.  To allow Wham-O an effective monopoly on the use of the color on waterslide toys would place Manley, the Retail Defendants and others that manufacture, market or sell waterslide toys at a competitive disadvantage.

33.     A facial comparison of the Accused Products with Wham-O's trademark registration confirms that no reasonable consumer would confuse either the Water Park, the Cannonball Splash, or the Cannonball Blast as having originated with Wham-O solely because of the yellow sliding surfaces on the products.  The products are dissimilar in form, shape and appearance.  Each of the Accused Product's packaging is prominently labeled with the Banzai name.  In short, the products are simply too dissimilar to engender confusion among an appreciable number of consumers.

34.     The Water Park has been on the market since 2003, the Cannonball Splash since 2005, and the Cannonball Blast since 2007.  The Accused Products have been advertised nationally, through print ads in major Sunday newspapers and in national television advertisements.  Notwithstanding, Manley is unaware of a single instance in which a single consumer was confused into believing that any of the Accused Products originated with Wham-O.

35.     Manley is informed and believes and on that basis alleges that Wham-O representatives visit the Retail Defendants' stores frequently to examine its and its competitors' products and are therefore aware of the fact that the Retail Defendants have

1   sold the Accused Products for a significant period of time.  Nevertheless, prior to entry of

2   the judgment and the issuance of the Injunction in the SLB Litigation, to Manley's

3   knowledge, Wham-O had never before raised a claim that the Accused Products at issue

4   infringed trademark rights owned by Wham-O.

## CLAIM FOR RELIEF

### (Declaratory Relief Against Wham-O, Inc.)

7        36.    Manley incorporates by this reference Paragraphs 1 through 33 as though

8   fully set forth herein.

9        37.    Wham-O alleges that the Accused Products infringe its Yellow Mark and

10  has taken specific action against the Retail Defendants, among others, seeking to prevent

11  the marketing, sale and distribution thereof.

12       38.    An actual and justiciable controversy has arisen and now exists between

13  Manley and Wham-O concerning whether the Accused Products or any of them infringe

14  the Yellow Mark or violate the Injunction and whether Wham-O's actions seeking to

15  prevent the marketing, sale and distribution of the Accused Products constitute a misuse

16  of Wham-O's trademark.

17       39.    Because the above activities and actions have created an actual and

18  justiciable controversy, Manley seeks a declaration to the effect that the Accused Products

19  do not infringe the Yellow Mark, or any trademark rights purportedly owned by Wham-O,

20  and that Wham-O's actions as alleged hereinabove constitute a misuse of Wham-O's

21  trademark and should be enjoined.

## PRAYER FOR RELIEF

23       WHEREFORE, Manley prays for relief as follows:

24       A.     For a judicial determination and a declaration that the Accused Products do

25  not infringe the Yellow Mark, or any trademark rights purportedly owned by Wham-O, do

26  not violate the Injunction, and that Wham-O's actions as alleged hereinabove constitute

27  unfair a misuse of Wham-O's trademark and should be enjoined;

28

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDERMOTT  WILL & EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1          B.      For preliminary and permanent injunctive relief restraining and enjoining

2     Wham-O from attempting to enforce the Injunction against, or otherwise prevent the

3     marketing, sale and/or distribution of, the Accused Products;

4          C.      For costs of suit and reasonable attorneys' fees pursuant to the provisions of

5     any applicable statute or law; and

6          D.      For all such other and further relief as the Court deems just and proper.

7          E.

8     Dated:     May 15, 2008                    McDERMOTT WILL & EMERY LLP
9                                                 LAURENCE M. BERMAN
                                                  ELLIE HOURIZADEH
10                                                JEFFREY N. GOLDBERG

11

12                                           By: /s/
13                                                LAURENCE M. BERMAN
                                                  Attorneys for Defendant and
14                                                Counterclaimant
                                                  MANLEY TOYS, LTD., et al.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

3   Defendant/Counterclaimant hereby demands trial by jury on all issues in this action so

4   triable.

5   Dated:     May 15, 2008              McDERMOTT WILL & EMERY LLP

6                                        LAURENCE M. BERMAN
                                         ELLIE HOURIZADEH
7                                        JEFFREY N. GOLDBERG

8

9                                        By:  /s/

10                                            LAURENCE M. BERMAN
                                             Attorneys for Defendant and Counter-
11                                           Defendant
                                             MANLEY TOYS, LTD., et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT  WILL  &  EMERY  LLP
ATTORNEYS  AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

McDermott  Will & Emery  LLP
Attorneys  At Law
Los Angeles

<u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 2049 Century Park East, 38th Floor, Los Angeles, California 90067.

On **May 15, 2008,** I caused the attached **DEFENDANT MANLEY TOYS, LTD.'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** to be served on the interest party(s) in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**By MAIL:**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit; and

**By E-MAIL**: by transmitting the document(s) listed above from e-mail address (hsharifi@mwe.com) to the e-mail addresses as set forth in the attached service list.

All counsel of record who are deemed to have consented to electronic service are also being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 15, 2008, at Los Angeles, California.

FEDERAL:   I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

_____
/s/
Haleh Sharifi

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

SERVICE LIST

Anna R. Zusman, Esq.
John C. Ulin, Esq.
Heller Ehrman LLP
333 South Hope Street, Suite 3900
Los Angeles, CA 90071-3043
john.ulin@hellerehrman.com

Annette L. Hurst, Esq.
Elisabeth R. Brown, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104
annette.hurst@hellerehrman.com
elisabeth.brown@hellerehrman.com
Attorneys for Plaintiff Wham-O, Inc.

Beth Ann R. Young, Esq.
Levene Neale Bender Rankin and Brill
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067
bry@lnbrb.com
Attorneys for Defendant Aquawood, LLC and
A.W. Computer Holdings, LLC

Stephen L. Raucher, Esq.
Timothy D. Reuben, Esq.
Reuben Raucher and Blum
1100 Glendon Avenue
10th Floor
Los Angeles, CA 90024-3503
sraucher@rrbattorneys.com
treuben@rrbattorneys.com
Attorneys for Defendant Brian Dubsinky

Jeanne M. Gills, Esq.
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL  60610
jmgills@foley.com
Attorneys for Wal-Mart Stores, Inc.

Charles Kester
Kester & Isenberg
16133 Ventura Blvd #260
Encino, CA, 91436
ckester@kesterisenberg.com
Attorneys for Izzy Holdings, LLC

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert Wallan
Pillsbury
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
robert.wallan@pillsburylaw.com
Attorneys for Toys "R" Us, Inc., Target Corp., and Kmart Corporation

LAS99 1547193-2.082256.0011

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

DEFENDANT MANLEY TOYS, LTD.'S ANSWER
& COUNTERCLAIM FOR DECLARATORY
JUDGMENT