1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SOUTHERN DIVISION**

11   WHAM-O, INC.,                        Case No. CV08-01281 RSWL (CWx)

12          Plaintiff,                    [DISCOVERY MATTER]

13      v.                                **STIPULATED PROTECTIVE ORDER**

14   MANLEY TOYS, LTD., et al.,

15          Defendants.

16   _____

17   AND RELATED COUNTERCLAIMS
     AND CROSS-CLAIMS

18

19

20

21          Having considered the Stipulation of the parties, and good cause appearing,

22   the Court hereby enters the following Protective Order:

23

24

25

26

27

28

**1.     PURPOSES AND LIMITATIONS**.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**.

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, insurers, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. Proc. 26(c).

2.4     <u>"Highly Confidential-In-House Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     "Highly Confidential-Outside Counsels' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty, including In-House attorneys for the other party, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6     Receiving party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential-In-House Attorneys' Eyes Only" or "Highly Confidential¬Outside Counsels' Eyes Only."

2.9     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential-In-House Attorneys' Eyes Only" or "Highly Confidential-Outside Counsels' Eyes Only."

2.10    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11    House Counsel: attorneys who are employees of a Party.

2.12    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.13    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.15   <u>Litigation</u>: the captioned case; and the contemporaneous related litigation between the parties as follows:  *SLB Toys USA, Inc. v. Wham-O, Inc.*, cv06-1382 RSWL (CWx) (C.D. Cal.); *Wham-O, Inc. v. Sefchick et. al.*, Superior Court, Alameda County Case No. RG07329828; *Manley Toys Ltd. v. Wham-O, Inc.*, cv08-3900 PA (PJWx) (C.D. Cal.); *Wham-O, Inc. v. Manley Toys Ltd., et. al.,*cv08-07830 CBM (SSx) (C.D. Cal.).

2.16   <u>"Other litigation"</u>: litigation other than those cases listed in 2.15 above.

**3.     SCOPE**.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**.

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material,

1  documents, items, or communications for which protection is not warranted are not

2  swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

3  routinized designations are prohibited.  Designations that are shown to be clearly

4  unjustified, or that have been made for an improper purpose (*e. g.*, to unnecessarily

5  encumber or retard the case development process, or to impose unnecessary

6  expenses and burdens on other parties), expose the Designating Party to sanctions.

7  If it comes to a Party's or a non-party's attention that information or items that it

8  designated for protection do not qualify for protection at all, or do not qualify for the

9  level of protection initially asserted, that Party or non-party must promptly notify all

10  other parties that it is withdrawing the mistaken designation.

11      5.2    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in

12  this Order (*see, e.g.,* second paragraph of section 5.2(a), below), or as otherwise

13  stipulated or ordered, material that qualifies for protection under this Order must be

14  clearly so designated before the material is disclosed or produced.

15      Designation in conformity with this Order requires:

16      (a) <u>for information in documentary form</u> (apart from transcripts of depositions

17  or other pretrial or trial proceedings), that the Producing Party affix the legend

18  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS'

19  EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES

20  ONLY" at the top of each page that contains protected material.  If only a portion or

21  portions of the material on a page qualifies for protection, the Producing Party also

22  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings

23  in the margins) and must specify, for each portion, the level of protection being

24  asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE

25  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

26  COUNSELS' EYES ONLY").

27      A Party or non-party that makes original documents or materials available for

28  inspection need not designate them for protection until after the inspecting Party has

1   indicated which material it would like copied and produced.  During the inspection

2   and before the designation, all of the material made available for inspection shall be

3   deemed "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY."

4   After the inspecting Party has identified the documents it wants copied and

5   produced, the Producing Party must determine which documents, or portions

6   thereof, qualify for protection under this Order, then, before producing the specified

7   documents, the Producing Party must affix the appropriate legend

8   ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS'

9   EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES

10  ONLY") at the top of each page that contains Protected Material.  If only a portion

11  or portions of the material on a page qualifies for protection, the Producing Party

12  also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

13  markings in the margins) and must specify, for each portion, the level of protection

14  being asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-

15  HOUSE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

16  COUNSELS' EYES ONLY").

17          (b) for testimony given in deposition or in other pretrial or trial proceedings,

18  that the Party or non-party offering or sponsoring the testimony identify on the

19  record, before the close of the deposition, hearing, or other proceeding, all protected

20  testimony, and further specify any portions of the testimony that qualify as

21  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS'

22  EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES

23  ONLY."  When it is impractical to identify separately each portion of testimony that

24  is entitled to protection, and when it appears that substantial portions of the

25  testimony may qualify for protection, the Party or non-party that sponsors, offers, or

26  gives the testimony may invoke on the record (before the deposition or proceeding

27  is concluded) a right to have up to twenty (20) days after the deposition transcript is

28  received to identify the specific portions of the testimony as to which protection is

sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSELS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Highly Confidential-In-House Attorneys' Eyes Only" or as "Confidential- OUTSIDE COUNSELS' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential--In-House Attorneys' Eyes Only" or "Highly Confidential- OUTSIDE COUNSELS' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential," "Highly Confidential-In-House

1   Attorneys' Eyes Only" or "Highly Confidential- OUTSIDE COUNSELS' Eyes

2   Only" after the material was initially produced, the Receiving Party, on timely

3   notification of the designation, must make reasonable efforts to assure that the

4   material is treated in accordance with the provisions of this Order.

5     **6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**.

6     6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

7   Party's confidentiality designation is necessary to avoid foreseeable substantial

8   unfairness, unnecessary economic burdens, or a later significant disruption or delay

9   of the litigation, a Party does not waive its right to challenge a confidentiality

10  designation by electing not to mount a challenge promptly after the original

11  designation is disclosed.

12    6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

13  Designating Party's confidentiality designation must do so in good faith and must

14  begin the process by conferring directly (in voice to voice dialogue; other forms of

15  communication are not sufficient) with counsel for the Designating Party.  In

16  conferring, the challenging Party must explain the basis for its belief that the

17  confidentiality designation was not proper and must give the Designating Party an

18  opportunity to review the designated material, to reconsider the circumstances; and,

19  if no change in designation is offered, to explain the basis for the chosen

20  designation.  A challenging Party may proceed to the next stage of the challenge

21  process only if it has engaged in this meet and confer process first.

22    6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

23  confidentiality designation after considering the justification offered by the

24  Designating Party may file and serve a motion under Civil Local Rule 7 (and in

25  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

26  material and sets forth in detail the basis for the challenge.  Each such motion must

27  be accompanied by a competent declaration that affirms that the movant has

28  complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**.

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1    (d) the Court and its personnel, court reporters and their staffs;

2    (e) professional vendors to whom disclosure is reasonably necessary for this

3 litigation;

4    (f) during their depositions, witnesses in the litigation to whom disclosure is

5 reasonably necessary and who have signed the "Agreement to Be Bound by

6 Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits

7 to depositions that reveal Protected Material must be separately bound by the court

8 reporter and may not be disclosed to anyone except as permitted under this

9 Stipulated Protective Order; and

10    (g) the author or original recipients of the document, or the original source of

11 the information.

12    (h) the Receiving Party's carrier representatives to whom it is reasonably

13 necessary to disclose the information for this litigation and who have signed the

14 "Agreement to Be Bound by Protective Order" (Exhibit A).

15    7.3    Disclosure of "HIGHLY CONFIDENTIAL-IN-HOUSE

16 ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by

17 the court or permitted in writing by the Designating Party, a Receiving Party may

18 disclose any information or item designated "HIGHLY CONFIDENTIAL-IN-

19 HOUSE ATTORNEYS' EYES ONLY" only to:

20    (a) the Receiving Party's Outside Counsel of record in this litigation, as well

21 as employees of said Counsel to whom it is reasonably necessary to disclose the

22 information for this litigation;

23    (b) House Counsel of record in this litigation;

24    (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

25 necessary for this litigation, and (2) who have signed the "Agreement to Be Bound

26 by Protective Order" (Exhibit A);

27    (d) the Court and its personnel, court reporters and their staffs;

28

LIBA/1955844.1                              -10-                [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                               CASE NO. CV08-01281 RSWL (CWx)

1   (e) professional vendors to whom disclosure is reasonably necessary for this

2   litigation;

3   (f) during their depositions, witnesses in the litigation employed by or

4   designated as a party witness by the Designating Party to whom disclosure is

5   reasonably necessary and who have signed the "Agreement to Be Bound by

6   Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits

7   to depositions that reveal Protected Material must be separately bound by the court

8   reporter and may not be disclosed to anyone except as permitted under this

9   Stipulated Protective Order;

10   (g) the author or original recipients of the document, or the original source of

11   the information; and

12   (h) the Receiving Party's carrier representatives to whom it is reasonably

13   necessary to disclose the information for this litigation and who have signed the

14   "Agreement to Be Bound by Protective Order" (Exhibit A).

15   7.4   Disclosure of "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS'

16   EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

17   permitted in writing by the Designating Party, a Receiving Party may disclose any

18   information or item designated "HIGHLY CONFIDENTIAL- OUTSIDE

19   COUNSELS' EYES ONLY" only to:

20   (a) the Receiving Party's Outside Counsel of record in this litigation, as well

21   as employees of said Counsel to whom it is reasonably necessary to disclose the

22   information for this litigation;

23   (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

24   necessary for this litigation, and (2) who have signed the "Agreement to Be Bound

25   by Protective Order" (Exhibit A);

26   (c) the Court and its personnel, court reporters and their staffs;

27   (d) professional vendors to whom disclosure is reasonably necessary for this

28   litigation;

-11-

(e) during their depositions, witnesses in the litigation employed by or designated as a party witness by the Designating Party to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) the author or original recipients of the document, or the original source of the information; and

(g) the Receiving Party's carrier representatives to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this litigation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-IN-HOUSE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

1   The purpose of imposing these duties is to alert the interested parties to the
2   existence of this Protective Order and to afford the Designating Party in this case an
3   opportunity to try to protect its confidentiality interests in the court from which the
4   subpoena or order issued.  The Designating Party shall bear the burdens and the
5   expenses of seeking protection in that court of its confidential material, and nothing
6   in these provisions should be construed as authorizing or encouraging a Receiving
7   Party in this action to disobey a lawful directive from another court.

8   **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED**
9   **MATERIAL**.

10   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
11   Protected Material to any person or in any circumstance not authorized under this
12   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
13   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
14   to retrieve all copies of the Protected Material, (c) inform the person or persons to
15   whom unauthorized disclosures were made of all the terms of this Order, and (d)
16   request such person or persons to execute the "Acknowledgment and Agreement to
17   Be Bound" that is attached hereto as Exhibit A.

18   **10.     FILING PROTECTED MATERIAL**.

19   Without written permission from the Designating Party or a court order
20   secured after appropriate notice to all interested persons, a Party may not file in the
21   public record in this litigation any Protected Material.  A Party that seeks to file
22   under seal any Protected Material must comply with Civil Local Rule 79-5.

23   **11.     FINAL DISPOSITION**.

24   Unless otherwise ordered or agreed in writing by the Producing Party, within
25   sixty days after the final termination of this action, each Receiving Party must return
26   all Protected Material to the Producing Party.  As used in this subdivision, "All
27   Protected Material" includes all copies, abstracts, compilations, summaries or any
28   other form of reproducing or capturing any of the Protected Material.  With

permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**.

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: January 6, 2009                  ___ _/s/ Carla M. Woehrle _____
                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Wham-O, Inc. v. Manley Toys, Ltd., et al.*, Case No. CV 08-01281 RSWL (CWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service in connection with this litigation or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 South Figueroa Street, 41st Floor, Los Angeles, California 90017.

On December 17, 2008, I served the **[PROPOSED] STIPULATED PROTECTIVE ORDER** by CM/ECF Electronic Filing. I caused the above document to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

| | |
|---|---|
| Laurence M. Berman | Attorneys for Defendant, Cross- |
| *Lberman@mwe.com* | Defendant, Counter-Claimant |
| Elham Ellie Hourizadeh | **MANLEY TOYS, LTD.;** |
| *ehourizadeh@mwe.com* | **BRIAN DUBINSKY; LISA LIU;** |
| Jeffrey N. Goldberg | **SAMSON CHAN** |
| *jgoldberg@mwe.com* | |
| Lisa E. Stone | |
| *lstone@mwe.com* | |
| **McDERMOTT WILL & EMERY LLP** | |
| 2049 Century Park East, Suite 3800 | |
| Los Angeles, CA 90067-3218 | |
| Tel:  310.277.4110 | |
| Fax: 310.2774730 | |
| | |
| Stephen L Raucher | Attorney for Defendants |
| sraucher@rrbattorneys.com | **BRIAN DUBINSKY** and |
| Timothy D. Reuben | **IZZY HOLDINGS, INC**. |
| *tdr@rrbattorneys.com* | |
| **REUBEN RAUCHER AND BLUM** | |
| 1100 Glendon Avenue 10th Floor | |
| Los Angeles, CA 90024 | |
| Tel:  310-777-1990 | |
| Fax: 310-777-1989 | |

-1-

| | | |
|---|---|---|
| 1 | Richard H Zaitlen | Attorneys for Counter-Claimant and |
| 2 | richard.zaitlen@pillsburylaw.com | Cross-Claimant |
|  | Stephen D. Byers | **KMART CORPORATION**; |
| 3 | sbyers@pillsburylaw.com | Defendant **TARGET CORP.**; |
| 4 | Robert L. Wallan | Defendant and Counter-Claimant |
|  | robert.wallan@pillsbury.com | **TOYS "R" US, INC.** |
| 5 | **PILLSBURY WINTHROP SHAW** | |
| 6 | **PITTMAN** | |
|  | 725 South Figueroa Street Suite 2800 | |
| 7 | Los Angeles, CA 90017-5406 | |
| 8 | Tel:  213-488-7100 | |
|  | Fax:  213-629-1033 | |
| 9 | | |
| 10 | Rod S. Berman | Attorneys for Defendants |
|  | rberman@jmbm.com | **A.W. COMPUTER HOLDINGS,** |
| 11 | Stanley M. Gibson | **LLC**, and **AQUAWOOD, LLC** |
| 12 | smg@jmbm.com | |
|  | Matthew D. Hinks | |
| 13 | *mh2@jmbm.com* | |
| 14 | **JEFFER MANGELS BUTLER** | |
|  | **AND MARMARO** | |
| 15 | 1900 Avenue of the Stars 7th Floor | |
| 16 | Los Angeles, CA 90067-4308 | |
|  | Tel:  310-203-8080 | |
| 17 | Fax: 310-203-0567 | |
| 18 | | |
| 19 | Holly O. Roark | Attorneys for Defendants |
|  | hr@lnbrb.com | **A.W. COMPUTER HOLDINGS,** |
| 20 | Beth Ann R. Young | **LLC**, and **AQUAWOOD, LLC** |
|  | bry@lnbrb.com | |
| 21 | **LEVENE NEALE BENDER** | |
| 22 | **RANKIN BRILL LLP** | |
|  | 10250 Constellation Blvd., Suite 1700 | |
| 23 | Los Angeles, CA 90067 | |
| 24 | Tel:  310-229-1234 | |

25     I declare under penalty of perjury that I am employed in the office of a

26  member of the bar of this Court at whose direction this service was made and that

27  the foregoing is true and correct.

28

LIBA/1955844.1                                   -2-                    PROOF OF SERVICE OF [PROPOSED]
                                                                       STIPULATED PROTECTIVE ORDER:
                                                                       CASE NO. CV08-01281 RSWL (CWx)

1    Executed on December 17, 2008, at Los Angeles, California.

2

3                                    By:    /s/ Robert J. McGahan

4                                           Robert J. McGahan
                                            **GOODWIN PROCTER LLP**
5                                           Attorneys for Defendant,
                                            Counterclaimant and Judgment
6                                           Creditor **WHAM-O, INC.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28