ROBERT W. BARNES (SBN 93483)
E-Mail: rbarnes@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California 90069-3604
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff, Counter-Defendant
and Cross-Claimant, WHAM-O, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WHAM-O, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MANLEY TOYS, LTD., a Hong Kong corporation, AQUAWOOD, LLC, a California limited liability company, BRIAN DUBINSKY, SAMSON CHAN, LISA LIU, TOYS 'R' US, INC., a Delaware corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS, | Case No. 02:08-CV-01281-RSWL-CW<br><br>**PLAINTIFF WHAM-O, INC.'S OPPOSITION TO DEFENDANT MANLEY TOYS, LTD.'S EX PARTE APPLICATION FOR ORDER OF DISMISSAL OF MANLEY'S FIRST AMENDED COUNTERCLAIM AGAINST WHAM-O, INC.; REQUEST FOR HEARING ON NOTICED MOTION**<br><br>**[Declaration Of Douglas R. Irvine Filed Concurrently]**<br><br>Discovery Cut-Off: Sept. 6, 2010<br>Motion Cut-Off: Sept. 20, 2010<br>Pretrial Conf.: Nov. 6, 2010<br>Trial Date: Nov. 30, 2010 |

403682.3

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................5

II. LEGAL ARGUMENT .........................................................................................6

    A. Manley's Ex Parte Application is Procedurally Improper.......................6

        1. Manley Cannot Demonstrate That Circumstances Exist to Justify the Use of the Ex Parte Application.................................7

        2. The *Ex Parte* Application Does Not Provide Wham-O With Sufficient Opportunity to Be Heard. ..................................8

    B. The *Ex Parte* Application Improperly Seeks Relief Both In Excess Of The Settlement Agreement And Contrary To Wham-O's Legal Rights, And Ignores The Required Scope Of The Dismissal ...................................................................................................9

        1. Manley Improperly Seeks An Order That All Parties Would Bear Their Own Fees And Costs .......................................9

        2. Wham-O Is Entitled, As A Condition Of Dismissal With Prejudice, To Its Costs As The Prevailing Party *And* Its Attorneys' Fees Under The Lanham Act.....................................11

            (a) Wham-O Is The Prevailing Party And Entitled To Costs ................................................................................11

            (b) Under the Lanham Act, Wham-O is Entitled to Its Attorney's Fees Because It is the Prevailing Party and Manley's Claims Were Groundless............................13

        3. Any Order Of Dismissal Must Expressly State That It Operates As A Retraxit, And The Settlement Agreement Requires An Order Granting Partial Summary Judgment On Wham-O's *Complaint*..........................................................14

    C. Manley's Ex Parte Application to Dismiss Cannot Be Granted As Plain Legal Prejudice Would Result................................................16

        1. Unless a Determination on the Merits is Made, Wham-O Will Be Unable to Pursue a Malicious Prosecution Claim. ........17

III. CONCLUSION ..................................................................................................18

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Awabdy v. City of Adelanto*,
   368 F.3d 1062 (9th Cir. 2004) ................................................................................ 17

*Barrios v. Cal. Interscholastic Federation*,
   277 F.3d 1128 (9th Cir. 2002) ................................................................................ 12

*Cairns v. Franklin Mint Co.*,
   292 F.3d 1139 (9th Cir. 2002) ................................................................................ 13

*Cantrell v. International Bhd. of Elec. Workers, Local 2021*,
   69 F.3d 456 (10th Cir. 1995) .................................................................................. 13

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ................................................................................................ 12

*Faust v. Walt Disney Co.*,
   2000 U.S.Dist. LEXIS 6781 (C.D. Cal. 2000) ................................................. 17, 18

*Fischer v. SJB-P.D. Inc.*,
   214 F.3d 1115 (9th Cir. 2000) ................................................................................ 11

*Garrison v. Baker*,
   2000 U.S.App. LEXIS 2833 (9th Cir. 2000) ......................................................... 17

*Hamilton v. Firestone Tire & Rubber Co.*,
   679 F.2d 143 (9th Cir. 1982) ............................................................................. 8, 16

*International Marble & Granite of Colo., Inc. v. Congressional Finance Corp.*
   465 F.Supp.2d 993 (C.D. Cal. 2006) ...................................................................... 11

*Mission Power Engineering Co. v. Continental Casualty Co.*,
   883 F.Supp. 488 (C.D. Cal. 1995) ............................................................... 6, 7, 8, 9

*National Information Services, Inc. v. TRW, Inc.*,
   51 F.3d 1470 (9th Cir. 1995) .................................................................................. 13

*Societe Civile Succession Guino v. Renoir*,
    305 Fed. Appx. 334 (9th Cir. 2008) ............................................................... 13, 14
*Stevedoring Services of America v. Armilla International B.V.*,
    889 F.2d 919 (9th Cir. 1989) .................................................................................. 16
*Thomas Weisel Ptnrs. LLC v. BNP Paribas*,
    2009 U.S.Dist. LEXIS 592 (N.D. Cal. 2009) .......................................................... 7
*United States v. E. I. Du Pont de Nemours & Co.*,
    13 F.R.D. 490 (D. Ill. 1953) .................................................................................... 8
*Westlands Water District v. United States*,
    100 F.3d 94 (9th Cir. 1996) ........................................................................... 7, 8, 16

### State Cases

*Eells v. Rosenblum*,
    36 Cal.App.4th 1848 (1995) .................................................................................. 17
*Goodman v. Gordon*,
    103 Ariz. 538 (Ariz. 1968) ...................................................................................... 8
*Torrey Pines Bank v. Superior Court (White)*,
    216 Cal.App.3d 813 (1989) .................................................................................... 16

### Federal Statutes and Rules

15 U.S.C. § 1117 ............................................................................................................ 13
*Fed. R. Civ. P.* 41 ..................................................................................... 5, 6, 8, 9, 16, 17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant *ex parte* application (the "Application") must be denied as it:

    (1)    is procedurally improper;

    (2)    seeks relief in excess of the settlement agreement (the "Settlement Agreement") reached between Manley Toys, Ltd. ("Manley") and American Home Assurance Company ("AHAC"); and

    (3)    will cause Wham-O, Inc. ("Wham-O") legal prejudice if granted.

Simply put, the Application ignores controlling law and is based entirely on a combination of straw man arguments and ad hominem attacks.

Manley already is frantically seeking to avoid an adverse determination on the merits of its legally deficient, factually unsupportable, and strategically motivated Counterclaim (that Wham-O violated the Lanham Act merely by sending cease and desist letters) by its pending *Ex Parte Application To Take Off Calendar, Or Alternatively To Continue, Hearing On Wham-O, Inc.'s Motion For Partial Summary Judgment* (the "First *Ex Parte*"), which Wham-O opposed. Wham-O's Opposition articulated for the Court both the absence of exigent circumstances and the fact Wham-O would suffer legal prejudice if Wham-O's pending Motion for Summary Judgment ("MSJ") was not ruled upon in advance of any hypothetical motion to dismiss.

Now, *despite the fact that the issue is already before the Court*, Manley is seeking a second bite at the apple by seeking dismissal on an *ex parte* basis, as opposed to by the *required* noticed motion. The Application simply *ignores* the requirement for exigent circumstances, and does not even attempt to put forth *any* justification or argument that Manley would suffer the requisite irreparable harm or legal prejudice that is *required* to support an *ex parte* application. Moreover, the Application fails to recognize that an application to dismiss under Rule (41)(a)(2)

*must* be brought on noticed motion to afford Wham-O its requisite due process.

Adding insult to injury, the Application seeks relief in excess of, *and contrary to*, the terms of the Settlement Agreement with Wham-O's insurer, AHAC. Manley – after contractually agreeing that the Settlement Agreement would not constitute a waiver of Wham-O's right to recover fees and costs – brazenly seeks an Order depriving Wham-O of that very right. Further demonstrating the need for a *noticed and fully briefed* Motion, Wham-O is, by law, the prevailing party and entitled to recovery of its costs. As evidenced by the MSJ and the nuisance value settlement agreed to by Manley and AHAC (over the objection of Wham-O), Manley's Counterclaim is and was baseless and Wham-O is also entitled to recover its attorneys' fees under the Lanham Act.

Finally, Wham-O will suffer legal prejudice if not afforded its right under *Fed. R. Civ. P.* 41(a)(2) to have the issue of the dismissal heard on noticed motion. In addition to the need to fully address the scope of any dismissal – including the retraxit effect of the dismissal and the underlying Settlement Agreement on the affirmative defenses and denials of Manley and the other co-defendants who are parties to the Settlement Agreement – a ruling by way of *ex parte* application would deny Wham-O its right to have its MSJ heard and a dismissal on the merits entered on Manley's Lanham Act claim. Conversely, Manley will suffer *no* prejudice by requiring it to file a *noticed* Motion for Dismissal.

## II.  LEGAL ARGUMENT

### A.  Manley's Ex Parte Application is Procedurally Improper

The Central District has previously established that "[e]x parte motions are rarely justified…" *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). This declaration holds especially true for Manley's *Ex Parte* Motion to Dismiss the Counterclaim, as it is procedurally defective on two levels. First, the Application does not even discuss, let alone attempt to establish,

1exigent circumstances to justify its use of the *ex parte* procedures. Second, by filing this motion on an *ex parte* basis, Manley has deprived Wham-O of its opportunity to be heard, which is a fundamental requirement of a contested motion to dismiss.

### 1. Manley Cannot Demonstrate That Circumstances Exist to Justify the Use of the Ex Parte Application.

Any party seeking *ex parte* relief "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.* at 492. There are two requirements to this showing,

> First, the evidence must show that the moving party's cause will be *irreparably* prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*Id.* (Emphasis added)

Tellingly, even after Wham-O articulated in its Opposition to the legally deficient First *Ex Parte* the controlling legal standard for proceeding *ex parte*, Manley still has not even *attempted* to claim that it will suffer any irreparable harm or prejudice justifying the *ex parte* nature of the instant Application.

The closest Manley comes to even hinting at a justification for *not* bringing the instant Application on noticed motion (as is, in any event, required by controlling case law), is the passing comment that the *ex parte* is necessary to avoid the expense of opposing the MSJ. However, "[a]n *ex parte* motion is inappropriate where the 'irreparable prejudice' being complained of its nothing more than the ordinary costs incidental to litigation. . . ." *Thomas Weisel Ptnrs. LLC v. BNP Paribas*, 2009 U.S. Dist. LEXIS 592 (N.D. Cal. 2009). *See also*, *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("the expense incurred in

defending against a lawsuit does not amount to legal prejudice."); and *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Further, it is clear that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice.").

Setting aside the fact that Manley has presumably already completed the bulk of its Opposition (which is due in 2 court days), Manley having to incur marginal increased legal fees in opposing the MSJ simply does not constitute *irreparable* harm justifying depriving Wham-O of its right to have the Application heard on *noticed* motion.

## 2. The *Ex Parte* Application Does Not Provide Wham-O With Sufficient Opportunity to Be Heard.

"[U]nder Rule 41(a), para. 2, *supra*, after answer is filed the right to dismiss is discretionary, must be by motion, notice to defendants, hearing, and court order." *Goodman v. Gordon*, 103 Ariz. 538, 540 (Ariz. 1968) (citations omitted). Indeed,

> Rule 41(a)(2) authorizes an order of dismissal only upon application to the court. It did not contemplate that an order would summarily issue upon the presentation of such a motion without weighing its propriety. Especially is this true where the defendants raise objection to such a request.

*United States v. E. I. Du Pont de Nemours & Co.*, 13 F.R.D. 490, 496 (D. Ill. 1953).

In contrast, when a party attempts to bring a motion to dismiss on an *ex parte* basis, neither the court nor the opposing party receives an opportunity to fully address the propriety of such a request. This disparity cannot be ignored as "the moving party's papers reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two." *Mission Power,* 883 F. Supp. at 490. To allow an *ex parte* to proceed under such circumstances as presented here would reflect the very "gamesmanship" warned of by the Court in *Mission Power*. *Id.*, at

490.

Here, dissent clearly exists between the parties as to the propriety of a dismissal. Wham-O previously expressed its objections to the timing of this settlement when it informed Manley of the pending Motion for Summary Judgment on April 5, 2010, more than three weeks before the settlement was actually reached.[1] Moreover, as discussed *infra* in Sections II(B)(1), (2), (3), the scope of the requested Order of Dismissal (i.e., Manley's request for each side to bear their own fees and costs, and the retraxit effect of the Settlement Agreement and *Fed. R. Civ. P.* 41(a)(2) dismissal on the Answers filed by each of the defendants) requires the attention and analysis that can only properly be achieved by way of noticed motion. It is simply inequitable for Wham-O to be forced to address in full its positions and arguments on these issues in the 24 hours afforded to it to oppose an *ex parte* application.

### B. The *Ex Parte* Application Improperly Seeks Relief Both In Excess Of The Settlement Agreement And Contrary To Wham-O's Legal Rights, And Ignores The Required Scope Of The Dismissal

#### 1. Manley Improperly Seeks An Order That All Parties Would Bear Their Own Fees And Costs

Ignoring the terms of the Settlement Agreement entered into with non-party AHAC, Manley seeks an Order that all parties will bear their own fees and costs. In contrast, and as detailed in the accompanying Declaration of Douglas Irvine ("Irvine Decl."), the Settlement Agreement expressly provides:

---

[1] Although Manley agreed, in principle, to the amount of the nuisance value settlement on March 22, 2010, the full scope of Agreement, including the releases providing by Manley and even the parties to the Agreement, was the subject of extensive further negotiations. (Declaration of Douglas Irvine, ¶ 11).

9

> [SECTION 2] … The Parties recognize and acknowledge, however, that this Agreement shall have no effect on Wham-O's right, if any, to seek attorney's fees and costs incurred in connection with the Counterclaim.
>
> . . .
>
> [SECTION 4.2] This Agreement is not intended to, and shall not be construed as providing a, release of any claim by the Wham-O Releasees, and specifically does not release any claim by the Wham-O Releasees against any of the Claimants or against AHAC.
>
> . . .
>
> [SECTION 8] Wham-O has informed AHAC that it has not consented to this Agreement and has notified AHAC of its objection to the settlement of the Counterclaim. . . . Wham-O is not a Party to this Agreement.

Declaration of Douglas Irvine, ¶¶ 3, 10, 12; Exh. "A".

Therefore, Manley's surreptitious request in a footnote, accompanied by boilerplate language in its proposed Order, that Wham-O be denied its rights expressly reserved by the Settlement Agreement, is improper and unsupported by the very agreement that it asks the Court to endorse. It is nothing more than a continuation of the gamesmanship reflected in Manley's Counterclaim, its prior tactical decision to withdraw the *Motion for Leave to File a Second Amended Counterclaim* in the hopes of destroying Wham-O's insurance coverage, and the First *Ex Parte*.

/ / /
/ / /
/ / /
/ / /

## 2. Wham-O Is Entitled, As A Condition Of Dismissal With Prejudice, To Its Costs As The Prevailing Party *And* Its Attorneys' Fees Under The Lanham Act

### (a) Wham-O Is The Prevailing Party And Entitled To Costs

The Central District has previously noted that "[i]n the Ninth Circuit, a voluntary dismissal *with* prejudice was held 'sufficient to confer prevailing party status on the… defendants for those claims.'" *Int'l Marble & Granite of Colo., Inc. v. Cong. Fin. Corp.*, 465 F. Supp. 2d 993, 998 (C.D. Cal. 2006) (citation omitted). Furthermore, a party is the "prevailing party" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the [other party's] behavior in a way that directly benefits the [party]." *Fischer v. SJB-P.D. Inc.*, 214 F. 3d 1115, 1118 (9th Cir. 2000). This "material alteration of the legal relationship" occurs when a party (here, Wham-O), is entitled to enforce a "judgment, consent decree, or *settlement*" against the other. *Id*. (emphasis added).

Manley is seeking a dismissal *with* prejudice in accordance with the terms of the Settlement Agreement. Under the Settlement Agreement, which does not obligate Wham-O to do or pay anything, Manley agreed that its "dismissal with prejudice of the entire First Amended Counterclaim is intended to and shall operate as a retraxit." Moreover, and critical to the issue of the *scope* of the Dismissal, Manley

> unconditionally, irrevocably, and absolutely release[s] and discharge[s] Wham-O. . .of and from, and **forever withdraws, retracts and waives**, any and all manner of **claims**, rights, actions, **contentions, allegations, charges**, complaints, demands, causes of action, liabilities, potential liabilities, suits, debts, accounts, liens, contracts, agreements, promises, losses, damages, judgments, offsets,

indemnities, obligations, benefits, claims for sums of money, **claims for injunctive relief, claims for declaratory relief**, controversies, costs, settlement costs, attorney's fees, court costs and expenses, of every kind and nature whatsoever, in law or in equity, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, including, but not limited to, claims for (1) Violation of Section 43(a) of the Lanham Act; (2) Common Law Unfair Competition; (3) Intentional Interference with Contractual Relations; (4) Intentional Interference with Prospective Economic Advantage; and (5) Declaratory Relief alleged that now exist, may exist, claim to have existed, ever formerly existed, or may at any time in the future acquire with regard to, **asserted in, arising out of, or related to the Counterclaim** or the Policies.

Lapidus Decl., Exh. "K", ¶ 4.1 (emphasis added).

Wham-O, an express third party beneficiary of the Settlement Agreement (Lapidus Decl., Exh. "K", ¶8), is entitled to enforce the above with respect to, *inter alia*, Manley and its defenses and affirmative defenses in this Action. (*See infra*, Section II(B)(3).) Accordingly, Wham-O is unquestionably the prevailing party on the Counterclaim and entitled to its costs as a matter of law. *See generally, Farrar v. Hobby,* 506 U.S. 103, 111 (1992) ("To be considered a prevailing party. . .the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."); *Barrios v. Cal. Interscholastic Fed'n*, 277 F. 3d 1128, 1134 (9th Cir. 2002) (holding that "the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do.").

Moreover, Manley ironically cites out of context a footnote in the factually inapposite *Cantrell v. International Bhd. of Elec. Workers, Local 2021*, 69 F.3d 456 (10th Cir. 1995) for the proposition that the "Court can and should properly exercise its discretion not to award costs in the context of settlement." (Application, pg. 8, fn. 3). To the contrary, *Cantrell* confirmed the District Court's discretion in awarding costs and stated, "[w]here an action will be dismissed with prejudice pursuant to a settlement agreement, we encourage the settling parties to include language in the settlement agreement specifically dealing with costs." *Id.*, at 459, fn. 2. Manley ignores that the Settlement Agreement here *does* specifically deal with costs – i.e., Manley waived all rights to fees and costs, while agreeing that Wham-O, a non-party to the Agreement, expressly retained all available rights to recover its fees and costs.

Since Rule 54(d) "makes the award of costs to a prevailing party automatic in the absence of an express direction to the contrary by the district court," and as Manley's position is contrary to its contractual agreement with AHAC, costs should be awarded to Wham-O. *National Info. Servs., Inc. v. TRW, Inc.*, 51 F. 3d 1470, 1472 (9th Cir. 1995) (holding that even a finding that an action was brought in good faith does *not* warrant denial of costs to defendant).

### (b) Under the Lanham Act, Wham-O is Entitled to Its Attorney's Fees Because It is the Prevailing Party and Manley's Claims Were Groundless

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "This requirement is met when the case is *either* 'groundless, unreasonable, vexatious, or pursued in bad faith." *Cairns v. Franklin Mint Co.*, 292 F. 3d 1139, 1156 (9th Cir. 2002) (internal quotations and citation omitted; emphasis added). For example, in *Societe Civile Succession Guino v. Renoir*, 305 Fed. Appx. 334 (9th Cir. 2008), the plaintiff "never tried to prove its Lanham Act claims against Renoir or Beseder… It

presented no evidence of confusion or damages, basic elements of any Lanham Act claim. Its claim clearly was 'groundless.'" *Id*. at 338 (citation omitted).

As detailed in the pending MSJ and the Opposition to the First *Ex Parte*, Manley's Lanham Act claim is objectively groundless. Among other things, as both this Court and the Ninth Circuit Court of Appeals has already found, Wham-O's cease and desist letters which form the basis of Manley's Lanham Act claim were "sent in good faith contemplation of litigation." (Docket, 195.) Moreover, Manley's desperate attempt at avoiding a judgment on the merits by entering a nuisance value settlement, after first claiming six million dollars of damages in the Counterclaim and, as recently as February 5, 2010, demanding a settlement of $1.65 million dollars (Lapidus Decl., Exh. "A", pg. 5), speaks volumes. In the light of such behavior and the issues raised in the MSJ, the Court must view Manley's claims as "groundless" and award attorney's fees to Wham-O, the prevailing party. At a bare minimum, this serves to demonstrate the need for a noticed and fully briefed motion.

### 3. Any Order Of Dismissal Must Expressly State That It Operates As A Retraxit, And The Settlement Agreement Requires An Order Granting Partial Summary Judgment On Wham-O's *Complaint*

Further absent from the Application is a discussion or analysis of the proper scope of the requested Order in light of the express terms of the Settlement Agreement. As noted above, by the Settlement Agreement, Manley and the other defendants "forever withdr[ew], retract[ed] and waive[d], any and all manner of claims, . . .**contentions, allegations**, charges, . . .claims for injunctive relief, [and] claims for declaratory relief. . . asserted in, arising out of, or related to the Counterclaim." Lapidus Decl., Exh. "K", ¶ 4.1 (emphasis added). Here, the Counterclaim alleges, among other things, the following.

1. "No reasonable possibility exists that the products [at issue in the

Counterclaim and Complaint] could be confused for Wham-O's. . ." (First Amended Counterclaim, ¶ 2).

2. Wham-O's "trademark rights did not and do not extend to Manley's products, including the Accused products." (*Id.*, ¶ 4).

3. "[T]he products did not originate with SLB." (*Id.*, ¶ 5).

4. Wham-O's trademark rights do not extend to "the use of the color yellow on the sliding surface of any water based toys". (*Id.*, ¶ 36).

5. "[T]he color yellow serves functional purposes when applied to water based toys and therefore cannot and does not merit. . . protection under the trademark laws." (*Id.*, ¶ 36).

6. "[A] competitive need exists for the color yellow on water based toys, including waterslide products, thereby precluding the use of the color yellow as a trademark."  (*Id.*, ¶ 37).

7. "Yellow. . .serves an important safety function."  (*Id.*, ¶ 37).

8. ". . .[N]o reasonable consumer would confuse [Manley's products] as having originated with Wham-O." (*Id.*, ¶ 38).

9. ". . . [T]he products are simply too dissimilar to engender confusion among an appreciable number of consumers." (*Id.*, ¶ 38).

10. Wham-O's statements in the cease and desist letters were false. (*Id.*, ¶ 59).

Further, the Declaratory Relief claim for relief seeks a judicial determination that:

1. "the Accused Products do not infringe Wham-O's purported trademark rights in the color yellow and[/or] do not violate the Injunction" (*Id.*, ¶ 12); and

2. the Injunction issued in *Color 1* does not apply to Manley (*Id.*, ¶

81).

In light of the above, and the legal and contractually agreed upon retraxit effect of a dismissal with prejudice on Manley's affirmative defenses (*Torrey Pines Bank v. Superior Court (White)*, 216 Cal.App. 3d 813 (1989)), an Order of Dismissal enforcing the terms of the Settlement Agreement *must also* grant Wham-O partial summary judgment *on its Complaint*. Manley and the other defendants have agreed under the terms of the Settlement Agreement they now seek to enforce that *all of their defenses are forever withdrawn and waived*. The only issue left for the Court is the amount of Wham-O's damages and the Order of Dismissal should reflect as much.[2]

### C. Manley's Ex Parte Application to Dismiss Cannot Be Granted As Plain Legal Prejudice Would Result

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion…" *Stevedoring Services of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). But, that discretion is not without limitations. Instead, the Court is required to "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton*, 679 F. 2d at 145. Although "legal prejudice" has not been specifically defined by the Ninth Circuit, courts have held that "legal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97.

Thus, the Court's analysis must go beyond the mere fact that Wham-O seeks to file a Motion for Summary Judgment. Instead, it must examine the resulting consequences of that motion and whether "legal prejudice" will result. Here, by

---

[2] This issue, however, serves to further demonstrate that the instant Application should have been brought on regular notice. Nonetheless, in light of Manley's decision to seek *ex parte* relief, it has waived any claim that it would be prejudiced by a determination of this issue now.

virtue of the fact that Manley is seeking a dismissal on an *ex parte* basis, Wham-O would suffer *legal prejudice* because it would be denied a determination of its pending MSJ. Absent a determination on the merits, Wham-o would, at a minimum, face increased difficulty in pursuing an action for malicious prosecution against Manley and its counsel.

### 1. Unless a Determination on the Merits is Made, Wham-O Will Be Unable to Pursue a Malicious Prosecution Claim.

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F. 3d 1062, 1068 (9th Cir. 2004). When attempting to establish that a determination on the merits has been made, "[a] voluntary dismissal may be an implicit concession that the dismissing party cannot successfully maintain the action," *Eells v. Rosenblum*, 36 Cal. App. 4th 1848, 1855 (1995). "Alone, however, it is not enough to establish a termination on the merits." *Garrison v. Baker*, 2000 U.S. App. LEXIS 2833, 3 (9th Cir. 2000).

It is precisely for this reason that the Court in *Faust v. Walt Disney Co.*, 2000 U.S. Dist. LEXIS 6781 (C.D. Cal. 2000), faced with a similar situation to the case at bar, denied a Motion to Dismiss under *Fed. R. Civ. P.* 41(a) while a Motion for Summary Judgment was pending. The *Faust* Court recognized that a Motion to Dismiss granted prior to a ruling on a pending Motion for Summary Judgment would create legal prejudice for the moving party. There, "plaintiff admitted at oral argument that no triable issues exist regarding these claims, and that he has indicated his willingness to defendants' counsel to dismiss the claims with prejudice." *Id*. Since simple dismissal of such unsubstantiated allegations would have created legal prejudice as to the defendant's claims arising out the litigation, the Court decided it must reach the merits of the matter.

Manley attempts to distinguish itself from the plaintiff in *Faust* by arguing that it agreed to settle for nuisance value prior to Wham-O's counsel requesting a

meet and confer in advance of its MSJ.  Manley ignores, however, that the sequence of events was *not* the issue presented in *Faust* or, for that matter, here.  The issue before the Court is *not* whether the Court should grant a dismissal with prejudice of the Counterclaim, but whether the Court should do so on an *ex parte* basis and in advance of a determination of the MSJ.  It is *precisely* for the same reasons as the plaintiff in *Faust* that Manley is frenetically demanding an *ex parte* dismissal of its Counterclaim – it seeks to deprive Wham-O of a determination on the merits.

Manley further seeks to distinguish *Faust* by inexplicably discussing at length an insurer's right to settle without the consent of an insured, even where it would affect the insured's right to bring a malicious prosecution claim.  The cases cited by Manley all address the relationship between an insurance carrier and its customer, and have absolutely nothing to do with the issue before the Court.  Whether or not AHAC could properly enter into the Settlement Agreement is a matter between AHAC and Wham-O, not Manley and Wham-O, and is certainly not before the Court.  Moreover, the issue of legal prejudice is triggered by Manley's improper attempt at seeking dismissal by way of an *ex parte* application, rather than by way of noticed motion.  It is not the Settlement Agreement *per se* that is causing the legal prejudice at issue, but the *ex parte* nature of these proceedings.

Just as the Court in *Faust* did not allow the Plaintiff to avoid a determination on the merits by dismissing its complaint while a Motion for Summary Judgment was pending, this Court should not allow Manley to avoid the consequences of its actions through its misguided and procedurally improper *Ex Parte* Application.  The summary deprivation of Wham-O's legal rights contemplated by this Application is the very essence of legal prejudice and, thus, the *Ex Parte* Application must be denied.

## III.   CONCLUSION

Relying on only ad hominem attacks and irrelevant authority, Manley has now filed its *second ex parte* in the span of one week seeking to avoid Wham-O's

meritorious MSJ set for hearing on May 25, 2010. Manley has continued to ignore that exigent circumstances are *required* to support an *ex parte* application; ignores that the relief sought by way of this Application cannot be granted absent a noticed motion; ignores Wham-O's right to attorneys' fees and costs; and simply turns a blind eye to Wham-O's right to partial summary judgment on Wham-O's Complaint in light of the Settlement Agreement Manley has presented to the Court.

Accordingly, for the reasons set forth above, Wham-O respectfully requests that the Court *deny* the Application. In the alternative, Wham-O respectfully requests that the Court enter: (1) an Order of Dismissal that provides Wham-O an award of its attorneys' fees and costs; and (2) an Order granting Wham-O partial summary judgment on its Complaint, leaving only the quantifying of damages for trial.

Dated: April 30, 2010                         RESCH POLSTER & BERGER LLP


By: _____/S/_____
ANDREW V. JABLON
Attorneys for Plaintiff, Counter-Defendant
and Cross-Claimant, WHAM-O, INC.

403682.3

19