ROBERT W. BARNES (SBN 93483)
E-Mail: rbarnes@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California 90069-3604
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff, Counter-Defendant
and Cross-Claimant, WHAM-O, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WHAM-O, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MANLEY TOYS, LTD., a Hong Kong corporation, AQUAWOOD, LLC, a California limited liability company, BRIAN DUBINSKY, SAMSON CHAN, LISA LIU, TOYS 'R' US, INC., a Delaware corporation,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS, | Case No. 02:08-CV-01281-RSWL-CW<br><br>**DECLARATION OF DOUGLAS R. IRVINE FILED BY PLAINTIFF WHAM-O, INC. IN OPPOSITION TO DEFENDANT MANLEY TOYS, LTD.'S EX PARTE APPLICATION FOR ORDER OF DISMISSAL OF MANLEY'S FIRST AMENDED COUNTERCLAIM AGAINST WHAM-O, INC.; REQUEST FOR HEARING ON NOTICED MOTION**<br><br>Discovery Cut-Off: Sept. 6, 2010<br>Motion Cut-Off:　 Sept. 20, 2010<br>Pretrial Conf.:　　 Nov. 6, 2010<br>Trial Date:　　　　 Nov. 30, 2010 |

403941.1

**DECLARATION OF DOUGLAS R. IRVINE REGARDING REQUEST FOR DISMISSAL WITH PREJUDICE OF MANLEY TOYS, LTD'S FIRST AMENDED COUNTERCLAIM IN ITS ENTIRETY AGAINST WHAM-O, INC., PURSUANT TO FED. R. CIV. P. 41(a)(2)**

I, Douglas R. Irvine, declare as follows:

1. I am an attorney at law licensed to practice before all the courts of the State of California and before this District Court, and I am a member of Lewis Brisbois Bisgaard & Smith LLP, attorneys for non-party American Home Assurance Company, Hong Kong Branch ("AHAC"). I have personal knowledge of all the facts set forth herein, except that which is identified as being on information and belief, and if called upon to do so, I could and would competently testify thereto under oath.

2. AHAC, on the one hand, and Manley Toys, Ltd. ("Manley"), the other named co-defendants in the above captioned case, and other persons and entities related to Manley and/or the co-defendants, on the other hand, through their respective counsel, negotiated and reached a written agreement (the "Agreement"), which has now been fully executed. Attached hereto as Exhibit "A" is a true and correct copy of the executed Agreement.

3. The Agreement defines the Parties to the Agreement as AHAC, on the one hand, and Manley and affiliated persons and entities (collectively identified as "Claimants") on the other hand, but specifically states that Wham-O is not a party to the Agreement. The Agreement provides, in Paragraph 8, in part:

4814-9149-4150.1

DECLARATION OF DOUGLAS R. IRVINE

1       "Wham-O is not a Party to this Agreement."

2   4.   The Agreement provides in Paragraph 3, in part:

> Subject to the Court's approval, the Parties further agree that the entire First Amended Counterclaim shall be dismissed with prejudice; and furthermore that none of the Claimants shall assert any affirmative claim for relief in the Action against Wham-O or any person or entity affiliated with Wham-O.

5.   The Agreement also provides that the settlement is dependent upon the entry by the Court of an order pursuant to F.R.C.P. 41(a)(2) dismissing with prejudice the entire first amended counterclaim. The Agreement provides in Paragraph 3, in part:

> This Agreement is conditioned upon the entry of the an order of dismissal with prejudice of the entire First Amended Counterclaim under F.R.C.P. 41(a)(2).

6.   The proposed order that accompanies Manley Toys' ex parte application file on April 29, 2010 fails to make the reference to the dismissal with prejudice being entered pursuant to F.R.C.P. 41(a)(2). In this respect, Manley Toys' proposed order is inconsistent with the Agreement.

7.   In addition, the Agreement provides in Paragraph 3, in part:

> Manley Toys' dismissal with prejudice of the entire First Amended Counterclaim is intended to and shall operate as a retraxit.

8.   As set forth in the Agreement, Wham-O has not consented to this Agreement and has objected to the same. The settlement agreement provides in

Paragraph 8, in part:

> Wham-O has informed AHAC that it has not consented to this Agreement and has notified AHAC of its objection to the settlement of the Counterclaim.

9. In reading Manley's ex parte application of April 29, 2010, Manley incorrectly states in its ex parte application and its proposed order a contention that: "each party to bear its own fees and costs." In addition, Manley Toys requests in footnote 3 on page 8 of its ex parte application that the Court "exercise its discretion not to award costs in the context of settlement." Manley Toys' position is inconsistent with and contrary to the terms of the Agreement.

10. Instead, the Agreement provides that Manley Toys and its affiliates waive their claims for attorney's fees and costs in connection with the Counterclaim, but also expressly states that Wham-O does not waive any of its claims for attorney's fees or costs, whatsoever. Accordingly, the Agreement expressly does not, and should not be construed as, waiving any of Wham-O's claims or rights, including, without limitation, Wham-O's claims for attorneys' fees and costs in connection with the dismissal of Manley's Counterclaim. The Agreement specifically provides in Paragraph 2, in part:

> The Claimants and AHAC, in its capacity as Wham-O's insurer, further agree that they shall each bear their own costs, expenses and attorney's fees incurred in connection with or related to the

> Counterclaim or the Policy. … The Parties recognize and acknowledge, however, that this Agreement shall have no effect on Wham-O's right, if any, to seek attorney's fees and costs incurred in connection with the Counterclaim.

11. During the lengthy course of drafting the Agreement it was made repeatedly clear to Manley Toys that Wham-O was not waiving any of its claims, including its claims for fees and costs. For example, my letter of March 19, 2010 to Manley Toys' counsel, attached as Exhibit A to Mr. Lapidus' April 29, 2010 declaration, states, in part:

> This release would not release any of Wham-O, Inc.'s claims against Manley Toys or any of its affiliated principals or entities.

In the subsequent exchange of drafts of the settlement agreement that took place during the lengthy negotiations over the drafting of the Agreement following Manley Toys' acceptance of AHAC's offer (which was expressly subject to being "formally set forth in more detail in a written settlement agreement"), Manley proposed, and AHAC rejected, language regarding a waiver of fees and costs by all of the parties to the action, including Wham-O. Manley's argument to the Court in its ex parte application and in its proposed order that in any way suggests or requests that Wham-O bear its own fees and costs is inconsistent with and contrary to the terms of the Agreement.

12. According to the terms of the Agreement, Manley Toys and its affiliates provide Wham-O with releases of all claims relating to or arising out of

any matter addressed in the Counterclaim (as more fully described in Paragraph 4.1 of the settlement agreement), but Wham-O does not release Manley Toys or any of its affiliates from any claims or rights whatsoever. The Agreement provides in Paragraph 4.2:

> This Agreement is not intended to, and shall not be construed as providing a, release of any claim by the Wham-O Releasees, and specifically does not release any claim by the Wham-O Releasees against any of the Claimants or against AHAC.

13. I am informed and believe that Wham-O contends any request for dismissal with prejudice of the counterclaim must be based upon a noticed motion, while Manley contends the dismissal with prejudice can be entered on an ex parte basis. The Agreement provides, in Paragraph 3, as quoted above:

> This Agreement is conditioned upon the entry of the an order of dismissal with prejudice of the entire First Amended Counterclaim under F.R.C.P. 41(a)(2).

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was signed on April 30, 2010 at Los Angeles, California.

_____
Douglas R. Irvine