1                                O

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  Wham-O, Inc.,                  )   CV 08-1281 RSWL (CWx)
                                    )
12                                  )
                        Plaintiff,  )   **ORDER re: Defendant's**
13                                  )   **Motion for Order of**
                                    )   **Dismissal**
14          v.                      )
                                    )   **[554]**
15                                  )
    Manley Toys, LTD., et al.,      )
16                                  )
                                    )
17                      Defendants. )
                                    )
18  _____)

19      Defendant Manley Toys, Ltd's Motion for Order of

20  Dismissal of Defendant's First Amended Counterclaim

21  [554], pursuant to Rule 41(a)(2), was set for hearing

22  on June 3, 2010.  Having taken the matter under

23  submission on June 2, 2010, and having reviewed all

24  papers submitted pertaining to this motion, the Court

25  **NOW FINDS AND RULES AS FOLLOWS:**

26      Defendant's Motion is hereby **GRANTED.**

27      Plaintiff's insurer is entitled to settle with

28  Defendant under the terms of Plaintiff's policy,

                                   1

pursuant to California insurance law.  See Hurvitz v.
St. Paul Fire & Marine Ins. Co., 109 Cal. App. 4th 918,
920 (2003).  The Settlement Agreement executed between
Plaintiff's insurer, American Home Assurance Company,
and Defendant, Manley Toys, Ltd., calls for a dismissal
with prejudice of the Counterclaim presently before the
Court.  Pursuant to Federal Rule of Civil Procedure
41(a)(2), the Court may issue a voluntary dismissal
with prejudice "on terms that the court considers
proper."  Here, the Court finds that Plaintiff suffers
no plain legal prejudice as the result of this
dismissal.

Additionally, pursuant to Federal Rule of Civil
Procedure 54(d)(1), a prevailing party is entitled to
recover its costs.  Local Rule 54-2.4 provides, "the
Court shall determine the prevailing party when the
case is voluntarily dismissed or otherwise voluntarily
terminated."  "[A] party could be deemed 'prevailing'
even despite failure on a 'central' issue as long as
the party had prevailed on 'any significant issue in
litigation which achieved some of the benefit the
parties sought in bringing suit.'"  Park v. Anaheim
Union High Sch. Dist., 464 F.3d 1025, 1036 (9th Cir.
2006) (citing Tex. State Teachers Ass'n, 489 U.S. 782,
791-793 (1989)).  Here, the Court finds that a
dismissal with prejudice prevents Defendant from
asserting all future claims made in the Counterclaim.
Therefore, Plaintiff has prevailed on those claims and

2

1  is deemed the prevailing party.  As held by the Ninth
2  Circuit, "a party in whose favor judgment is rendered
3  is generally the prevailing party for purposes of
4  awarding costs under Rule 54(d)."  <u>San Diego Police</u>
5  <u>Officers' Ass'n v. San Diego City Employees Ret. Sys.</u>,
6  568 F.3d 725, 741 (9th Cir. 2009).
7     Therefore, the Court **GRANTS** Defendant's Motion for
8  Order of Dismissal of Defendant's First Amended
9  Counterclaim, pursuant to Federal Rule of Civil
10  Procedure 41(a)(2).  Furthermore, the Court awards to
11  Plaintiff costs associated with Defendant's
12  Counterclaim, pursuant to Federal Rule of Civil
13  Procedure 54(d)(1).
14
15  DATED: June 25,2010
16  **IT IS SO ORDERED.**
17                        RONALD S.W. LEW
                   _____
18                        **HONORABLE RONALD S.W. LEW**
                   Senior, U.S. District Court Judge
19
20
21
22
23
24
25
26
27
28